Erlenbach et al., Appellants, *v.* Liquor Control Comm., Appellee.

(No. 7782—Decided March 9, 1965.)

18

*Mrs. Leda C. Hartwell,* for appellants.

*Mr. William B. Saxbe,* attorney general, and *Mr. James E. Rattan,* for appellee.

*Per Curiam.* This is an appeal from a judgment of the Common Pleas Court of Franklin County affirming an order of the Liquor Control Commission. The commission denied appellants' application for relocation of their C-1, C-2 (carry-out) licenses.

Appellants' previous location was appropriated by the state and their permits are now held in "safekeeping." The only evidence in opposition was the testimony of an attorney for the Columbus School Board. At the time of application, three permits were operative in the immediate proposed area. At the time of hearing, only two were in effect. One was an A & P grocery with a carry-out license. The A & P was located one block closer to the school than appellants' proposed location. The appellants' location is 615 feet away measured door to door, and 400 feet from the door to the corner line of the school.

The reasons suggested by the school board attorney were:

(1) Large numbers of school children will pass the location. There is no suggestion, much less evidence, of any safety hazard. Uncontradicted testimony by the appellants states that only a few public school children pass their location, and that most of the children who do pass are pupils of a parochial school. The private school officials did not object.

(2) The school board attorney testified that "we thought that this particular area had reached a saturation point on permits." The area is zoned and used for commercial purposes. There are only the chain grocery and one other permit.

(3) The school board attorney testified that public schools are required to teach the effects of alcoholic beverages, and that "this [a carry-out only] merely complicates the problem."

(4) The school board attorney testified that appellants' present variety store operation includes an inventory of school supplies and that "this would place our elementary children in direct contact with the permit premises and permit them to observe the selling and trafficking." Appellants' uncontradicted evidence is that the present store has a small inventory of school

supplies, but upon transfer of the license this business will be stopped and school supplies dropped. The carry-out will have only the usual grocery and accessory food items.

Under the interpretation of Section 4303.26, Revised Code, found in *Corwin* v. *Board of Liquor Control* (1960), 170 Ohio St. 304, the provisions requiring notice to school authorities, churches, etc., located within 500 feet of a proposed location are for notice only. The fact of proximity *within 500 feet* is not relevant to the determination as such. It is the fact of *proximity* (whether or not within 500 feet) which is a relevant factor, and which, combined with other facts, might provide a rational basis for the commission to exercise discretion. In our opinion, the record here contains no substantial, reliable and probative evidence to support the commission's order. The burden of producing a prima facie case and the burden of proof were upon the department. See Regulation 65 of the Liquor Control Commission.

There are many persons who have objection to license locations such as in this case. Where that is the only basis of objection, their recourse is to the local option election laws or statutory amendment to Section 4303.26, Revised Code.

The judgment of the Common Pleas Court and the order of the Liquor Control Commission are reversed. The cause will be remanded to the commission with instructions to grant the transfer.

*Judgment reversed.*

DUFFY, J. (Presiding), DUFFEY and TROOP, JJ., concur.